Dr. Malik M. HASAN, et al., Plaintiffs,

v.

CLEVETRUST REALTY INVESTORS, et al., Defendants.

Civ. A. No. C 82–99.

United States District Court,
N. D. Ohio, E. D.

Oct. 7, 1982.

Edward W. Cochran, Cleveland, Ohio, for plaintiffs.

Daniel W. Hammer, John M. Newman, Jr., Richard Cusick, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court is defendants' Motion for Summary Judgment. Upon consideration, the motion is hereby granted.

## I

The relevant facts are not in dispute. Defendant CleveTrust Realty Investors ("CleveTrust"), a Massachusetts corporation with its principal place of business in Ohio, invests in mortgage loans and equity investments in real estate. Two companies (Champion and Tulip) each acquired 22.4% of CleveTrust's outstanding shares and indicated an interest in purchasing a controlling block. The defendant Trustees and Advisors, facing removal from their positions in the event of a takeover, arranged to repurchase the shares previously acquired by Tulip and Champion, with the use of corporate funds, at a price which exceeded their fair market value. Furthermore, the Trustees and Advisors agreed to sell 30% of all Cleve-Trust outstanding shares to the defendant Merchant Navy Officers Pension Fund Trustee, Ltd., ("Fund"). This action effectively created a control block in the Fund

and allegedly discouraged future purchases of CleveTrust shares. The shares were encumbered with several restrictions, including a five year restriction on the sale of any stock; a first option to repurchase the entire block of CleveTrust; an agreement whereby the Fund would support all management nominees and positions, restricted only in cases where the Fund would be adversely affected. The price of the shares sold to the Fund was only two-thirds their appraised value. Use of the monies obtained from the sale was limited to the prepayment of several loans which were obtained by CleveTrust at extremely favorable interest rates.

Hasan, a shareholder of CleveTrust, instituted this derivative suit claiming waste by a majority of the Trustees and Advisors, since the transactions described above allegedly caused a direct and intentional harm to CleveTrust.

A special committee was appointed by the Trustees and was delegated full authority to review and investigate the transactions in question and to determine what position CleveTrust should take with respect to the claims made by plaintiffs. The special committee subsequently submitted a 122 page report to this Court on July 2, 1981, concluding that the best interests of CleveTrust would be served by terminating the present litigation. CleveTrust contends that if applicable state law allows such termination, it is incumbent upon this Court to follow the recommendations of the special committee.

## II

### A.

■ The authority of disinterested directors to terminate a shareholder derivative suit is governed by state law, provided that the state law is consistent with the policies of the federal acts upon which the action is based. *Burks v. Lasker*, 441 U.S. 471, 99 S.Ct. 1831, 60 L.Ed.2d 404 (1979),

cited in *Abramowitz v. Posner*, 672 F.2d 1025 (2nd Cir. 1982).

■ CleveTrust is a Massachusetts business trust with its principal place of business in Cleveland, Ohio. Its Declaration of Trust states that Massachusetts law shall govern the rights of all parties under the trust. The "internal affairs" choice of law rule dictates that Massachusetts law should apply. Nevertheless, plaintiff argues that the Ohio Supreme Court's adoption of the balancing of interests approach with regard to choice of law would dictate a contrary result. *Fox v. Morrison Motor Freight, Inc.*, 25 Ohio St.2d 193, 267 N.E.2d 405, *cert. denied*, 403 U.S. 931, 91 S.Ct. 2254, 29 L.Ed.2d 710 (1971); *Schiltz v. Meyer*, 29 Ohio St.2d 169, 280 N.E.2d 925 (1972). Both *Fox* and *Schiltz* dealt with the narrow issue of whether the rule of *lex loci delicti* should be rigidly applied in tort cases, and are simply not applicable to the present case.

Questions of corporate governance are to be decided under the law of the state of incorporation. *See* Restatement (Second) of Conflict of Laws § 302. Consequently, we hold that Massachusetts law applies.

### B.

Plaintiff Hasan vehemently argues that *Zapata v. Maldonado*, 430 A.2d 779 (Del. 1981) sets forth the test that should be adopted by this Court. In *Zapata*,[1] the Supreme Court of Delaware rejected the view that a court must dismiss a derivative suit if a disinterested committee recommends dismissal in a well reasoned report after a thorough investigation. This would require a court, in certain limited situations, to apply its own business judgment to the issues investigated by the special committee.

Case law overwhelmingly supports the contrary position that judicial review should be limited to considerations of the independence and good faith of the special committee and the appropriateness and sufficiency of the investigative procedures cho-

---

**1.** *Zapata, supra,* has been followed in only one case, *Watts v. Des Moines Register & Tribune*

*Co.*, 525 F.Supp. 1311 (S.D.Iowa 1981).

sen and pursued. *Abramowitz v. Posner, supra; Gaines v. Haughten,* 645 F.2d 761, 772 (9th Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982); *Abbey v. Control Data Corp.,* 603 F.2d 724 (8th Cir. 1979), *cert. denied,* 444 U.S. 1017, 100 S.Ct. 670, 62 L.Ed.2d 647 (1980); *Cramer v. General Tel. & Electronics Corp.,* 582 F.2d 259 (3rd Cir. 1978), *cert. denied,* 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 90 (1979); *Auerbach v. Bennett,* 47 N.Y.2d 619, 419 N.Y.S.2d 920, 393 N.E.2d 994 (1979).

Massachusetts follows the business judgment rule. See *Spiegel v. Beacon Participations, Inc.,* 297 Mass. 398, 8 N.E.2d 895 (1937); *Murphy v. Hanlon,* 322 Mass. 683, 79 N.E.2d 292 (1948); *Allied Freightways v. Cholfin,* 325 Mass. 630, 91 N.E.2d 765 (1950); *Uccello v. Gold'n Foods, Inc.,* 325 Mass. 319, 90 N.E.2d 530 (1950). The Massachusetts courts have also expressed a preference for resolving corporate disputes in the boardroom rather than in the courtroom. See *Bartlett v. New York, New Haven and Hartford R.R. Co.,* 221 Mass. 530, 109 N.E. 452 (1915); *S. Solomont & Sons Trust, Inc. v. New England Theatres Operating Corp.,* 326 Mass. 99, 93 N.E.2d 241 (1950); *Pomerantz v. Clark,* 101 F.Supp. 341 (D.Mass. 1951).

■ This Court concludes that Massachusetts would follow the overwhelming majority of cases that apply the business judgment rule, and upon proof that the members of a special committee were independent of the claims in issue and employed reasonable investigative procedures, a derivative suit should be dismissed if the special committee so recommends.

### III

A.

■ CleveTrust's Board of Trustees appointed Peter L. Galvin as the sole member of the special committee. Although Galvin is presently on the Board of Trustees, he is not a defendant in this case; he did not participate in the questioned transactions; and he had no interest in, or knowledge of, them at the time they occurred. He was not on the Board of Trustees when the transactions were approved. These facts more than satisfy the threshold independence test. *Joy v. North,* 519 F.Supp. 1312, 1326 (D.Conn.1981).

In the special committee report, Galvin openly disclosed his business relationships with two of the defendants, in sufficient detail to show they were insubstantial and indirect and would not interfere with his independent business judgment on the matters under investigation. Yet Hasan argues that any director who maintains an ongoing personal or professional relationship with directors facing liability is *per se* incapable of reaching an impartial decision. Hasan, however, has failed to supply this Court with any proof of actual bias. Argument based upon conjecture is without probative value when considering a Motion for Summary Judgment. There is a presumption of good faith, subject to concrete evidence to the contrary. *Genzer v. Cunningham,* 498 F.Supp. 682 (E.D.Mich.1980); *Joy v. North, supra, Abramowitz v. Posner, supra.*

B.

Second, Hasan contends that the special committee's investigation was seriously incomplete and lacks reasonable bases for its most important conclusions. This clearly is not the appropriate test to be applied in determining the reasonableness of the investigation. Initially, we note that a review of the special committee report itself demonstrates a comprehensive, analytical and incisive investigation. The special committee sought information from the defendant Trustees and the employees of CleveTrust, as well as from outside sources, including independent experts, other parties to the transactions and their counsel, CleveTrust's counsel, and Hasan himself.

Hasan is required to prove that the *modus operandi* adopted by the special committee was materially deficient or that the special committee somehow failed to take into account certain of the allegations in the derivative complaint. Absent such evidence, this Court must accept the report of the special committee as a proper exercise of the committee's business judgment and

abide by its recommendations. Hasan, however, has chosen to attack the committee's substantive decision.

Trial courts cannot become involved in reviewing the committee's substantive decision. *Auerbach v. Bennett, supra,* 419 N.Y. S.2d at 927, 393 N.E.2d at 1001. Instead, our investigation is limited to the committee's investigative procedures and methodologies. "[T]he business judgment rule forbids disturbing the committee's substantive conclusions, regardless of whether a court or shareholder would have decided the issues differently." *Joy v. North, supra,* at 1328. *See also Gaines v. Haughton, supra,* and *Rosengarten v. Int'l Tel. & Tel. Corp.,* 466 F.Supp. 817 (S.D.N.Y.1979).

This Court holds that based upon the special committee report, Peter Galvin was independent and undertook his duties in good faith, and that the investigative procedures chosen and pursued were both appropriate and sufficient.

For the reasons stated, defendants' Motion for Summary Judgment is hereby granted, and the case is dismissed, at plaintiffs' costs.

IT IS SO ORDERED.